13-2126-cv
Morales v. City of New York

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2013

(Argued: May 12, 2014  Decided: May 16, 2014)

Docket No. 13-2126-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PABLO MORALES,

   Plaintiff-Appellant,

     v.

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, SPECIAL AGENT MICHAEL
ARNETT, SGT. NEIL NAPPI, DETECTIVE JUAN
ROMERO, DETECTIVE HAROLD SABATER,*

   Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: KEARSE, LOHIER, and CARNEY, Circuit Judges.

  Plaintiff Pablo Morales appeals from the District Court's dismissal of his Second Amended Complaint against the City of New York, the New York City Police Department, and individual State and Federal law enforcement officials.  Morales brought this action under 42 U.S.C. §§ 1981, 1983, 1985 and 1988 and State law, alleging, among other things, malicious prosecution,

---

\* The Clerk of the Court is directed to amend the caption of this case as set forth above.

abuse of process, deprivation of Morales's right to a fair trial, and deprivation of, and conspiracy to deprive Morales of, his constitutional rights on account of his race and color.  In particular, Morales claimed that a Federal agent presented false testimony to the grand jury that returned the indictment against him.  We AFFIRM.

VIKRANT PAWAR, ESQ., New York, NY, for Plaintiff-Appellant.

CHRISTINE S. POSCABLO, Assistant United States Attorney (Emily E. Daughtry, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Defendant-Appellee Special Agent Michael Arnett.

INGRID R. GUSTAFSON, New York City Law Department (Suzanne K. Colt and Pamela Seider Dolgow, on the brief), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, for Defendants-Appellees City of New York, New York City Police Department, Sgt. Neil Nappi, Detective Juan Romero, Detective Harold Sabater.

PER CURIAM:

Plaintiff Pablo Morales appeals from a judgment of the United States District Court for the Southern District of New York (Crotty, J.), dismissing his Second Amended Complaint against the City of New York, the New York City Police Department ("NYPD"), and four individual State and Federal law

enforcement officials. Morales brought this action against the individual defendants under 42 U.S.C. §§ 1981, 1983, 1985 and 1988 and State law, alleging, among other things, malicious prosecution, abuse of process, deprivation of Morales's right to a fair trial, and deprivation of, and conspiracy to deprive Morales of, his constitutional rights on account of his race and color, and against the City and the NYPD, asserting that the individual defendants' acts resulted from a municipal policy, custom or practice, see Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). In particular, Morales claimed that a Federal agent presented false testimony to the State grand jury that returned the indictment against him. For the reasons stated below, we AFFIRM.

## BACKGROUND

The Second Amended Complaint alleges the following facts, which we assume to be true and construe in the light most favorable to the plaintiff. See Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 118 (2d Cir. 2013). In 2007 Pablo Morales was arrested by Federal agents of the Drug Enforcement Administration ("DEA") and NYPD officers on the New York Drug Enforcement Task Force ("NYDETF"). Morales remained in custody from the

3

time of his arrest, through his indictment in State court for sale and possession of a controlled substance, possession of marijuana, and criminal use of drug paraphernalia, until the charges against him were dropped nearly three years later.

The series of events leading to his arrest and eventual release prompted Morales to sue the City of New York, the NYPD, and the four individual defendants, including DEA Special Agent Michael Arnett,[1] for violations of the Fourth and Fourteenth Amendments, malicious prosecution, abuse of process, denial of the right to a fair trial, violation of and conspiracy to violate his constitutional rights on account of his race and color, and various common law torts under New York law.

As relevant here, Morales alleged that he worked for years prior to his arrest as a confidential source for the NYDETF on drug investigations. He claimed that the post-arrest indictment returned against him rested on Arnett's false grand jury testimony as well as, among other things, fabricated laboratory results showing that plants confiscated from his backyard were

---

[1] Morales initially also named a fifth individual defendant, DEA Chemist Stacey Turner. However, Morales did not include Turner in the caption (or assert any claims against her) in his Second Amended Complaint. Morales appeals from the dismissal of the Second Amended Complaint only and does not seek to appeal the District Court's dismissal of his claims against Turner.

4

marijuana. The defendants moved to dismiss Morales's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), and the District Court granted the motion by Order dated May 13, 2013. This appeal followed.

**DISCUSSION**

As an initial matter, Morales argues that the District Court incorrectly analyzed his claims against Agent Arnett under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the "federal analog" to actions against State actors under § 1983,[2] Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (quotation marks omitted). We disagree. In connection with both his work on the NYDETF and his testimony before the grand jury, Arnett was alleged to have acted as an employee of the DEA. Absent specific allegations that he conspired with State agents to violate Morales's rights, Arnett is therefore presumed to have acted under Federal authority. See Arar v. Ashcroft, 585 F.3d 559, 568 (2d Cir. 2009) (en banc). And even specific allegations of conspiracy, if conclusory, would not be sufficient to state a claim for conspiratorial violation of Morales's rights. See

---

[2] There is no dispute that Morales's claims against the NYPD defendants, who are State actors, were properly construed under § 1983.

5

Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999); Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977). Rather than alleging a conspiracy between the NYPD defendants and Arnett, however, Morales alleged only that Arnett and the NYPD defendants worked together. That allegation of cooperation "supports no inference that [Arnett] acted with an improper motive," and is not enough to subject him to § 1983 liability for civil conspiracy. Beechwood Restorative Care Ctr. v. Leeds, 436 F.3d 147, 154 (2d Cir. 2006).[3]

A. Fair Trial Claim

Morales also claimed that Arnett's false grand jury testimony deprived him of his right to a fair trial. In Rehberg v. Paulk, 132 S. Ct. 1497 (2012), the Supreme Court held that a grand jury witness was entitled to absolute immunity in a § 1983 action based on his grand jury testimony. Id. at 1506. We have since applied Rehberg to actions under § 1983 and the Federal Tort Claims Act, but not yet to a Bivens action. See Marshall v. Randall, 719 F.3d 113 (2d Cir. 2013); Vidro v. United States, 720 F.3d 148 (2d Cir. 2013). We now

[3] In the First Amended Complaint, but not the Second Amended Complaint, Morales alleged that the individual NYPD defendants were deputized as Federal agents. Accordingly, we construe his claims against the NYPD defendants as though they are State actors.

6

hold that Arnett is entitled to absolute immunity from <u>Bivens</u> liability for his grand jury testimony. There are at least two reasons for doing so.

First, the rationale supporting immunity for grand jury witnesses in § 1983 actions applies with equal force to <u>Bivens</u> suits. Each of the policy justifications that <u>Rehberg</u> cited in support of granting absolute immunity to grand jury witnesses exists in the context of a <u>Bivens</u> action. <u>See</u> <u>Rehberg</u>, 132 S. Ct. at 1505–06, 1509. And second, extending <u>Rehberg</u>'s shelter to <u>Bivens</u> liability reflects the "general trend in the appellate courts," <u>Chin v. Bowen</u>, 833 F.2d 21, 24 (2d Cir. 1987) (quotation marks omitted), of incorporating § 1983 law into <u>Bivens</u> suits. The District Court therefore correctly held that to the extent that Morales's claims are based on Arnett's grand jury testimony, <u>Rehberg</u> forecloses them under both <u>Bivens</u> and § 1983.

Morales also alleges that his indictment was premised on "faulty laboratory results that stated that the plants growing in plaintiff's backyard were marijuana." That allegation, too, fails to support a plausible fair trial claim. First, only Arnett is alleged to have falsified evidence or otherwise deprived Morales of a fair trial through his grand jury testimony. But, as noted, Arnett enjoys absolute immunity for that testimony. Second, the

7

allegation is contradicted by other allegations in which Morales appears to acknowledge that he grew marijuana in his backyard.

B. Abuse of Process and Malicious Prosecution Claims

We turn next to the abuse of process and malicious prosecution claims.

"In order to state a [§ 1983] claim for abuse of process, a plaintiff must establish that the defendants had an improper purpose in instigating the action . . . [and] that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." Savino v. City of New York, 331 F.3d 63, 77 (2d Cir. 2003). With that standard in mind, we conclude that the District Court correctly held that Morales failed to state a claim for abuse of process as to either the individual NYPD defendants or Arnett. As for the former, Morales failed to allege that they had an ulterior motive or purpose in pursuing his arrest beyond prosecution itself. As for Arnett, we identify the same defect and in addition note that we have never recognized a Bivens cause of action for abuse of process and decline to do so now. Cf. Arar, 585 F.3d at 571–72.

We also conclude that the District Court did not err in dismissing Morales's claim of malicious prosecution. As the District Court observed,

8

Morales failed to plead basic facts in support of such a claim, including any facts to support his allegation that "actual malice" was "a motivation for [the] defendant[s'] actions," Manganiello v. City of New York, 612 F.3d 149, 160–61 (2d Cir. 2010); see Locurto v. Safir, 264 F.3d 154, 169 (2d Cir. 2001).

    C.  Remaining Claims: 42 U.S.C. §§ 1981 and 1985 and Monell Liability

We also agree with the District Court that Morales failed to plead facts showing that the defendants acted with discriminatory animus, as required to state a claim under 42 U.S.C. § 1981 or 42 U.S.C. § 1985. See Reynolds v. Barrett, 685 F.3d 193, 201–02 (2d Cir. 2012). Instead, the Second Amended Complaint contains only conclusory allegations that the defendants violated Morales's rights "because of their discriminatory intent" and "based on his race and color." See Albert v. Carovano, 851 F.2d 561, 572 (2d Cir. 1988) (en banc); Ostrer, 567 F.2d at 553.

Lastly, having properly dismissed Morales's underlying constitutional claims against the individual NYPD defendants, the District Court also properly dismissed his claim against the City and the NYPD for municipal liability under Monell. See Askins v. Doe No. 1, 727 F.3d 248, 253 (2d Cir. 2013).

**CONCLUSION**

We have considered Morales's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.