16-3557-cv
*Sun v. Dillon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of November, two thousand seventeen.

PRESENT:
>           JON O. NEWMAN,
>           JOSÉ A. CABRANES,
>                   *Circuit Judges,*
>           ROBERT N. CHATIGNY,*
>                   *District Judge.*

XIU JIAN SUN,

>            *Plaintiff-Appellant,*

>            v.                                                                16-3557-cv

MARK C. DILLON, SYLVIA O. HINDS-RADIX,
SHERI S. ROMAN, COLLEEN DUFFY,

---

*Judge Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.

*Defendants-Appellees.*

_____

FOR PLAINTIFF -APPELLANT:                    Xiu Jian Sun, *pro se*, Flushing, N.Y.

FOR DEFENDANTS -APPELLEES:                   Oren L. Zeve, Esq., New York State
                                             Office of the Attorney General, New
                                             York, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 13, 2016 judgment of the district court is **AFFIRMED**.

Appellant Xiu Jian Sun, proceeding *pro se*, appeals from the district court's judgment dismissing his complaint, in which he sued four state judges who presided over his two state court appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

District courts have an inherent authority to dismiss a frivolous complaint *sua sponte*, even when the plaintiff has paid the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 364 (2d Cir. 2000). A claim is frivolous if it presents an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although we have not decided whether such a dismissal is reviewed *de novo* or for abuse of discretion, the district court's grounds for dismissing Sun's complaint "easily pass [] muster" under *de novo* review. *See Fitzgerald,* 221 F.3d at 364 n.2.

The district court properly dismissed Sun's complaint as frivolous, because the complaint contained no allegations against any defendant. Moreover, the district court did not abuse its discretion by denying leave to amend because none of Sun's filings (including his brief on appeal) give "any indication that a valid claim might be stated." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). Even if Sun were given leave to amend to allege a plausible claim, his suit would still be frivolous because the judges would be absolutely immune from money damages for any actions taken in their judicial capacities. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *Neitzke*, 490 U.S. at 327.

As this is Plaintiff's *third* frivolous action and second frivolous appeal, *see* No. 16-3103, and

he has been warned that if he continues to file similar actions, he might be subject to filing restrictions, Sun is hereby ORDERED to show cause within 30 days why he should not be required to seek leave of this Court before filing any appeals or other documents. Failure to file a timely response will result in the imposition of a leave-to-file-sanction.

We have considered Sun's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk