Mendes Da Costa v. Marcucilli

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand nineteen.

PRESENT:
>        ROBERT A. KATZMANN,
>            *Chief Judge,*
>        CHRISTOPHER F. DRONEY,
>            *Circuit Judge,*
>        JEFFREY ALKER MEYER,*
>            *District Judge.*

---

Jose Antonio Mendes Da Costa,

>        *Plaintiff-Appellant*,

>        v.                                                   18-1859

Sergeant Michael Marcucilli, Mount Vernon
Police Department, Police Officer Pereira, badge
#2064, Mount Vernon Police Department, Police
Officer Johnny Camacho, Mount Vernon Police
Department, Detective Jesus Garcia, Mount Vernon
Police Department, Detective Michael Martins,
Town of Eastchester Police Department, Pedro
Coelho, Bakery Management, Third Party unlawful
businesses with C.M.V., Cecilia Rodrigues, Third
Party (in flight), Private Investigator Michael
Lentini, City of Mount Vernon Corporate Counsel,
Bartender Fernando Marques, Third Party,

---

* Judge Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

Carpenter Moacir Castro, Third party and Fernando Marques, Handyman, Attorney Hina Sherwani, Yonkers Corporate Counsel, former Mount Vernon C.C.,

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                                        Jose Antonio Mendes da Costa, pro se, Mount Vernon, N.Y.

FOR DEFENDANTS-APPELLEES:                                   No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jose Antonio Mendes da Costa, proceeding pro se, appeals the district court's order sua sponte dismissing his complaint and the order issuing a leave-to-file sanction. Appellant also moves for judicial notice of a February 2019 state court decision. Prior to the present case, Appellant had initiated four separate actions in the district court. *See Mendes Da Costa v. Marcucilli*, S.D.N.Y. 10-cv-4125 ("*Mendes Da Costa I*"); *Mendes Da Costa v. Lee*, S.D.N.Y. 10-cv-8564 ("*Mendes Da Costa II*"); *Mendes da Costa v. Marques*, S.D.N.Y. 13-cv-4271 ("*Mendes Da Costa III*"); and *Mendes Da Costa v. Marcucilli*, S.D.N.Y. 15-cv-8500 ("*Mendes Da Costa IV*"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we have jurisdiction over the appeal of both the dismissal order and the sanction order. Because the district court did not set out either order in a separate document, *see* Fed. R. Civ. P. 58(a), judgment was deemed entered 150 days after each order was docketed,

2

i.e., October 11, 2018 for the dismissal order and November 9, 2018 for the sanction order. Fed. R. App. P. 4(a)(7)(A)(ii). Appellant's notice of appeal was filed on June 20, 2018, and therefore it was timely as to both orders. Fed. R. App. P. 4(a)(2) (providing that a notice of appeal filed before the entry of judgment "is treated as filed on the date of and after the entry"). Although Appellant only delineated the sanction order in his notice of appeal, that was the last order issued by the district court and the order that closed the case; thus, the appeal applies to "all prior orders." *See Elliott v. City of Hartford*, 823 F.3d 170, 173 (2d Cir. 2016) (per curiam). Further, it is evident from his brief that Appellant intended to appeal the dismissal order as well, and no party is prejudiced. *See id.* at 174.

## I.    Dismissal Order

District courts have the inherent authority to sua sponte dismiss a fee-paid action as frivolous. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam). The dismissal of a complaint as barred by res judicata is reviewed de novo. *Brown Media Corp. v. K&L Gates*, *LLP*, 854 F.3d 150, 157 (2d Cir. 2017). "The doctrine of res judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.* (internal quotation marks and italics omitted).

The district court properly dismissed the complaint as barred by res judicata. All of Appellant's present claims, including the cover-up claims, are identical in form and substance to the claims raised in *Mendes Da Costa IV*, which was dismissed with prejudice as frivolous and for failure to comply with Fed. R. Civ. P. 8. "[A] dismissal for failure to state a claim operates as a

3

final judgment on the merits and thus has res judicata effects." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted); *see also Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986) ("A dismissal with prejudice has the effect of a final adjudication on the merits . . . and bars future suits brought by the plaintiff upon the same cause of action.").

Appellant's addition of one new defendant in this action who was not named in *Mendes Da Costa IV* does not alter the outcome. Appellant fails to make any specific allegations against that defendant throughout the complaint. Instead, he details facts that involve the same set of events as *Mendes Da Costa IV* and does not explain why he could not have brought any such (unspecified) claims against the new defendant in *Mendes Da Costa IV*. *See Burton v. Undercover Officer*, 671 F. App'x 4, 5 (2d Cir. 2016) (summary order) (noting that defendant who was not party to prior lawsuit may invoke collateral estoppel defensively against plaintiff who previously lost on the merits).

Finally, Appellant's argument that the district court was biased against him is unavailing. The district court correctly described Appellant's litigation history, and its decisions dismissing *Mendes da Costa III* and *Mendes Da Costa IV* survived review by this Court. In any event, a district court's decisions typically do not support a claim of judicial bias, and Appellant fails to proffer any other evidence of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (per curiam) (same).

4

**II. Sanction Order**

We review the imposition of a leave-to-file sanction for abuse of discretion. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). A district court may impose a leave-to-file sanction on "litigants who abuse the judicial process," such as by filing "repetitive and frivolous suits." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Prior to imposing a sanction, a court must give notice and opportunity to be heard, *see Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam), and the sanction must be "appropriately narrow," *Bd. of Managers of 2900 Ocean Ave. Condo. v. Bronkovic*, 83 F.3d 44, 45 (2d Cir. 1996) (per curiam).

Here, the district court did not abuse its discretion in imposing the filing injunction. The court warned Appellant in 2016, in his fourth action in that court and the third action to be dismissed as frivolous, that the filing of future frivolous litigation could result in a leave-to-file sanction. When that warning failed to deter Appellant from filing the present, nearly identical action, the district court ordered Appellant to show cause why a leave-to-file sanction should not issue. The court thus gave him an opportunity to be heard, and considered his response, prior to imposing the leave-to-file sanction. Further, the filing injunction is "appropriately narrow" because it is limited to civil actions filed in the Southern District of New York. *See Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (per curiam) (finding that a similar leave-to-file sanction was appropriate because "it does not extend to filings in other federal district courts or the New York state courts"). And the sanction is akin to the type of leave-to-file sanctions that we typically impose on similarly vexatious litigants. *See, e.g.*, *Xiu Jian Sun v. Dillon*, 699 F. App'x 90, 91 (2d Cir. 2017) (summary order) (directing litigant to show cause "why he should not

5

be required to seek leave of this Court before filing any appeals or other documents"). Moreover, contrary to Appellant's assertion, the sanction does not violate his First Amendment rights. *See Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam).

Finally, we deny Appellant's motion for judicial notice as moot.

We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court