Zhang v. City of New York

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of February, two thousand twenty-five.

PRESENT:  BARRINGTON D. PARKER, JR.,
JOSEPH F. BIANCO,
WILLIAM J. NARDINI,
*Circuit Judges*.

------------------------------------------------------------------

MAN ZHANG,
Individually and as
Administrator of The Estate
of Zhiquan Zhang,
Deceased, CHUNMAN
ZHANG, Individually and
as Administrator of The
Estate of Zhiquan Zhang,
Deceased,

*Plaintiffs-Appellants*,

v.                                                              No. 23-7469-cv

CITY OF NEW YORK, NEW YORK
CITY DEPARTMENT OF
CORRECTION, RIKERS ISLAND

1

FACILITIES, NEW YORK CITY
HEALTH AND HOSPITALS
CORPORATION, CORIZON HEALTH,
INC., BILL DE BLASIO, ERIC ADAMS,
as Mayor of the City of New
York, Individually and as then
Commissioner of the New York City
Department of Correction JOSEPH
PONTE, RAM RAJU, Individually and
as then President of New York City
Health and Hospitals
Corporation, PATSY YANG,
Individually and as New York City
Health and Hospitals Corporations
Senior Vice President for Correctional
Health Services, KAREN WITTY,
Individually and as Chief Executive
Officer of Corizon Health, Inc., JOHN
AND JANE DOES 1–10, in their official
capacities, JOHN AND JANE DOES
11–20, in their official capacities, JOHN
AND JANE DOES 21–30, in their official
capacities,

                    *Defendants-Appellees.*
-------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS:          DAVID YAN, Queens, NY

FOR DEFENDANTS-APPELLEES:          HANNAH J. SAROKIN (Sylvia O.
                                   Hinds-Radix, Richard Dearing,
                                   and Ingrid R. Gustafson, *on the
                                   brief*), Corporation Counsel of the
                                   City of New York, NY

    Appeal from a judgment of the United States District Court for the Southern

District of New York (John F. Keenan and Kevin P. Castel, *JJ.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants Man Zhang and Chunman Zhang appeal from a judgment of the United States District Court for the Southern District of New York dismissing claims brought on behalf of their father Zhiquan Zhang ("Zhang"). Zhang was in custody at the Rikers Island Correctional Facility awaiting trial on charges of attempted murder, when he died on April 18, 2016.

Following Zhang's death, Plaintiffs sued Defendants under various federal and state laws. Relevant to this appeal, Plaintiffs sued Defendants under 42 U.S.C. § 1983, alleging that (1) correction officers and (2) medical staff at Rikers exhibited deliberate indifference to Zhang's medical needs, in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiffs also sued five supervisory Defendants[1] for negligent supervision under New York law. We assume the parties' familiarity with the underlying facts, record of prior proceedings, and issues on appeal.

---

[1] The supervisory Defendants include the former New York City Mayor, Department of Correction Commissioner, Health and Hospital Corporation (HHC) President, HHC Senior Vice President, and the Chief Executive Officer of Corizon Health Inc., a former City contractor that managed correctional health services at Rikers until December 2015.

## I. The District Court's Rule 12(b)(6) Dismissal of Plaintiffs' Deliberate Indifference Claim Against Correction Officers.

Plaintiffs alleged that Rikers correction officers (Does 1-10) exhibited deliberate indifference to Zhang's serious medical needs in violation of the Due Process Clause of the Fourteenth Amendment. To adequately plead deliberate indifference under 42 U.S.C. § 1983, Plaintiffs were required plausibly to allege that correction officers exhibited a "culpable recklessness" or "conscious disregard of a substantial risk of serious harm" to Zhang's health, or that they "intentionally den[ied]" medical care to Zhang. *Darby v. Greenman*, 14 F.4th 124, 128–129 (2d Cir. 2021). Defendants, contending that this requirement had not been met, moved to dismiss for failure to state a claim. *See* Fed. R. Civ. Proc. 12(b)(6). The District Court (Keenan, *J.*) granted the motion in part as to the correction officers, reasoning that the complaint did not adequately allege that those defendants acted with the *mens rea* required to establish deliberate indifference.

Plaintiffs then requested leave to amend their complaint and proffered a proposed amended complaint. The District Court denied leave, reasoning that the new complaint did not cure the defects it had identified. We see no error in the District Court's decision to grant the motion to dismiss as to the correction officers or its decision to deny Plaintiffs leave to file an amended complaint.

The District Court correctly concluded that, as with the initial complaint, the proposed amended complaint failed to allege specific facts sufficient to satisfy the *mens rea* requirement. Plaintiffs alleged that Zhang and other inmates reported Zhang's chest

4

pains to Does 1-10, and that Does 1-10 failed to get Zhang immediate medical attention despite their knowledge of the pains. But Plaintiffs' allegations were skeletal, conclusory, and devoid of detail. The proposed amended complaint failed to identify when Zhang made his complaints, how officers were put on notice, or why those reports signaled a need for immediate medical attention. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (conclusory allegations "are not entitled to the assumption of truth"). And as the District Court pointed out, Plaintiffs' unspecific claim that Does 1-10 failed to provide Zhang with appropriate medical attention on certain occasions is belied by their own specific allegations in the proposed amended complaint detailing the numerous times officers *did* respond to Zhang's medical complaints by taking him to the on-site medical facility. These allegations do not create a plausible inference that correction officers "conscious[ly] disregard[ed]" Zhang's medical needs or "intentional[ly] den[ied]" medical care. *Id.* at 128–129.

We therefore agree with the District Court that both the initial complaint and the proposed amended complaint failed plausibly to allege that correction officers intentionally deprived Zhang of medical care, or knew or should have known that the deprivation of medical care posed an excessive risk to Zhang's health.

## II. The District Court's Rule 12(b)(6) Dismissal of Plaintiffs' Negligent Supervision Claims.

The initial complaint contained allegations, based on a state-law theory of negligent supervision, that the five supervisory Defendants breached their duty to

supervise and train employees to provide medical care for heart disease. To adequately plead such a claim, Plaintiffs were required plausibly to allege under New York law that Defendants knew or should have known of an employee's "propensity for the conduct which caused the injury prior to the injury's occurrence." *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (internal citations omitted).

The District Court properly dismissed Plaintiffs' negligent supervision claims pursuant to Rule 12(b)(6). It correctly concluded that Plaintiffs failed to allege that *any* employee who interacted with Zhang had any propensity to engage in improper conduct. Indeed, the complaint is devoid of any reference to the prior conduct of any specific employee who had care or custody of Zhang. Instead, Plaintiffs alleged only that the Defendants were on notice of general deficiencies in medical care at Rikers based on media reporting and investigatory reports. But Plaintiffs failed to allege that any of the reporting concerned any employee at issue here. Absent such allegations, Plaintiffs have failed to state a plausible claim of negligent supervision. *See Papelino v. Albany Coll. of Pharm. of Union Univ.*, 633 F.3d 81, 94–95 (2d Cir. 2011).

III. **The District Court's Grant of Summary Judgment on Plaintiffs' Deliberate Indifference Claims Against Medical Staff.**

Plaintiffs also sued pursuant to 42 U.S.C. § 1983 alleging that medical staff workers at Rikers were deliberately indifferent to Zhang's medical needs. This claim survived Defendant's Rule 12(b)(6) motion. After discovery, the District Court (Castel, *J.*) granted Defendants summary judgment on this claim, concluding that Plaintiffs had

6

created no genuine dispute of material fact as to the contention that medical staff at Rikers exhibited an intentional or reckless disregard of Zhang's medical needs.

We see no error in the District Court's conclusions. Plaintiffs do not raise a triable issue of fact as to whether medical staff at Rikers demonstrated an intentional or "conscious disregard" of Zhang's medical needs. *Charles v. Orange Cnty.*, 925 F.3d 73, 87 (2d Cir. 2019). To the contrary, at intake, medical staff performed a battery of tests, promptly identified Zhang's high blood pressure and cholesterol, and prescribed him the appropriate medication. Medical staff met with Zhang for routine follow-ups and screenings. After Zhang failed to take his medication, staff repeatedly advised him that refusing to take his medication increased his risk of a more serious illness. As the District Court also noted, on the two occasions that Zhang reported chest pains to Rikers staff, medical staff responded appropriately. In June 2015, after he reported chest pains, medical staff performed an EKG and X-rays. After reviewing his test results, doctors concluded his pain was consistent with rib inflammation, not heart disease. In September 2015, after Zhang again reported chest pain, staff had Zhang undergo two EKGs, administered aspirin and Nitrostat, and transferred him to the emergency room of an off-site hospital. And on the day of his death, medical staff responded to the emergency call concerning Zhang within three minutes and attempted resuscitation for 36 minutes. This contradicts the notion that medical staff took "no remedial

action . . . despite their awareness of" Zhang's medical needs. *Corby v. Conboy*, 457 F.2d 251, 254 (2d Cir. 1972).[2]

In response, Plaintiffs suggest that medical staff's failure to take a stress test after Zhang's September 2015 hospitalization establishes a triable issue of material fact as to whether medical staff acted with the required *mens rea*. We disagree. As the District Court rightly noted, neither negligence nor medical malpractice is sufficient to establish a constitutional violation, *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998), and a lapse in medical care alone does not establish a constitutional violation, *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). The District Court correctly concluded that this lapse does not raise a genuine dispute as to whether medical staff acted with conscious disregard of his medical needs or with intention to deprive Zhang of appropriate medical care. *See Charles*, 925 F.3d at 87.

Because Plaintiffs fail to establish a predicate constitutional violation, they cannot sustain a *Monell* claim against the municipal Defendants. *See Morales v. City of New York*, 752 F.3d 234, 238 (2d Cir. 2014) (municipal liability requires that a city actor commit a predicate constitutional violation). For these reasons, we conclude that the

---

[2] Plaintiffs insist that Zhang made assertions of chest pain beyond those documented by medical staff in June and September 2015. To support this suggestion, Plaintiffs offer evidence that on other occasions, Zhang mentioned his chest pain to his children and a fellow detainee. But, as the District Court reasoned, complaints made to friends and family do not indicate awareness by the medical staff.

District Court correctly granted summary judgment to Defendant on Plaintiffs' deliberate inference claim against Rikers' medical staff.[3]

### IV. The District Court's Denial of Spoliation Sanctions.

During discovery, Plaintiffs requested video and telephone records involving Zhang during his last 90 days at Rikers. Defendants informed Plaintiffs those records had been deleted pursuant to Rikers' routine data retention policies, and Plaintiffs moved for spoliation sanctions.

The District Court correctly concluded that Defendants' duty to preserve video and telephone records of Zhang's final 90 days at Rikers arose only *after* the documents were destroyed in the ordinary course. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). It was not disputed that video footage at Rikers is automatically deleted after 90 days absent a litigation hold, and telephone calls are deleted after 18 months. Thus, any video footage of Zhang would have been deleted by July 2016 at the latest, and any telephonic recordings would have been deleted by September 2017. Yet Plaintiffs only requested video records in December 2017, and

---

[3] Plaintiffs dispute the accuracy of the medical information in Zhang's records because officials failed to provide a translator familiar with the Wenzhou dialect of Chinese at each visit. But as the District Court points out, the record reflects that medical staff extracted specific information about Zhang's complaints—a description of his symptoms and how long he had been experiencing them—with the help of a Mandarin interpreter or by nonverbal means. None of the medical notes indicate any communication issues with Zhang, except in one instance. There, a treating physician could not understand Zhang's complaints of pain. But the physician then promptly called 911 and had Zhang transferred to the hospital.

telephone recordings in April 2018. And the initial notice of claim, filed in April 2016, did not put Defendants on sufficient notice that they had to preserve video and telephone records of Zhang's last 90 days.

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court