13-55
*Mir v. Shah*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand fourteen.

PRESENT:   BARRINGTON D. PARKER,
           DENNY CHIN,
                    *Circuit Judges*,
           WILLIAM K. SESSIONS, III,
                    *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JEHAN ZEB MIR,

                    *Plaintiff-Appellant*,

           -v.-                                                         13-55

NIRAV R. SHAH, M.P.H., as Commissioner, STATE OF NEW YORK DEPARTMENT OF HEALTH SERVICES STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT,

                    *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

_____

[*]        The Honorable William K. Sessions, III, of the United States District Court for the District of Vermont, sitting by designation.

FOR PLAINTIFF-APPELLANT:          Jehan Zeb Mir, *pro se*, Redondo Beach, California.

FOR DEFENDANTS-APPELLEES:          Mark Shawhan, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, *and* Michael S. Belohlavek, Senior Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Jones, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.[1]

Plaintiff-appellant Jehan Zeb Mir, a physician whose New York medical license was revoked, proceeding *pro se*, appeals the district court's orders filed August 8, 2012 dismissing his claims challenging, *inter alia*, the constitutionality of New York Public Health Law § 230(10)(p) ("Section 230"), and filed December 4, 2012 denying

---

[1]     The district court did not file a separate judgment in this matter.  If a required separate judgment is not entered, however, it is deemed to have been entered 150 days after entry of the dispositive order.  Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii).  Mir filed his notice of appeal on December 2, 2012 -- before 150 days had expired following either order.  As "[a] notice of appeal filed after the court announces a decision or order -- but before the entry of the judgment or order -- is treated as filed on the date of and after the entry,"  Fed. R. App. P. 4(a)(2), the appeal here was timely.

- 2 -

Mir's motion for reconsideration.[2]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court decision dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  We also review *de novo* "the essentially legal determination of whether the requirements for abstention have been met."  *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002) (internal quotation marks omitted).

Further, we review a district court's denial of reconsideration for abuse of discretion.  *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011).  A district court abuses its discretion when its decision: (1) rests on an error of law or a

---

[2]  We "construe notices of appeal liberally, taking the parties' intentions into account," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995), and our appellate jurisdiction "depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notice[] of appeal," *The New Phone Co. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007).  Here, although Mir's notice of appeal designates only the order denying reconsideration, his supporting papers attached to his notice address the district court's entire dismissal.  Construing his notice of appeal liberally, we conclude that Mir intended to appeal from both orders.

clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions. *Id.* "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration should not be granted where "the moving party seeks solely to relitigate an issue already decided." *Id.*

We affirm for substantially the reasons stated in the district court's thorough and well-reasoned orders. In light of the Supreme Court's recent holding in *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013), however, we revisit the issue of abstention under *Younger v. Harris*, 401 U.S. 37 (1971).

In determining that *Younger* abstention precluded consideration of all but one of Mir's federal claims, the district court applied the three-part test derived from *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). While this appeal was pending, however, the Supreme Court rejected this three-part test in favor of a categorical approach. *See Sprint*, 134 S. Ct. at 591-94. It clarified that *Younger* abstention is triggered by only three categories of state court proceedings: (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and

- 4 -

(3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 588 (internal quotation marks omitted). Prior to *Sprint*, our jurisprudence on *Younger* abstention focused on the substance of the claims involved in the state and federal proceedings by asking whether they implicated an important state interest. *See Diamond "D" Constr.*, 282 F.3d at 198. By contrast, under the categorical approach outlined by *Sprint*, federal abstention requires a criminal proceeding, a civil enforcement proceeding, or a determination that a state court's ability to perform its judicial function would be otherwise impeded. *See Sprint*, 134 S. Ct. at 588. In light of *Sprint*, the district court's analysis is no longer applicable. Nevertheless, remand is not necessary because abstention is still appropriate here under the *Sprint* framework.

As Section 230 outlines proceedings for revoking a physician's medical license, it fits within *Sprint*'s second category -- civil enforcement proceedings. The *Sprint* Court defined this category with reference to two cases: *Middlesex*, 457 U.S. at 433-34, a federal challenge to state disbarment proceedings; and *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 598 (1975), a federal challenge to a state's civil suit to enforce its obscenity laws. *See Sprint*, 134 S. Ct. at 592. The *Sprint* Court explained that enforcement actions within this second category resemble criminal prosecutions in "important respects":

they "characteristically . . . sanction the federal plaintiff . . . for some wrongful act"; they are "routinely" initiated by a state actor; and they are "commonly" preceded by investigations that culminate in the "filing of a formal complaint or charges." *Id.* New York's referral proceedings are initiated by a state actor, are preceded by investigations that culminate in formal charges, and sanction the physician for some wrongful act. *See generally* N.Y. Pub. Health Law § 230 (providing procedures for revocations of medical licenses). For *Younger* purposes, this type of proceeding resembles a criminal prosecution "in important respects." *Sprint*, 134 S. Ct. at 592. Moreover, *Sprint* reaffirmed the court's adherence to abstention in disciplinary proceedings involving professional licenses. *Id.* Therefore, we conclude that abstention was warranted in this case.

* * *

We have considered Mir's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment and order denying reconsideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 6 -