Garcia v. Superintendent of Great Meadow Correctional Facility

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

———————————————

August Term, 2016

(Submitted: October 17, 2016     Decided: November 10, 2016)

Docket No. 16-2863

———————————————

JESUS H. GARCIA,

*Petitioner*,

-- v. --

SUPERINTENDENT OF GREAT MEADOW CORRECTIONAL FACILITY,

*Respondent*.

———————————————

Before:

KEARSE, JACOBS, and LOHIER, *Circuit Judges*.

———————————————

Petitioner Jesus H. Garcia moves for leave to file a successive 28 U.S.C.

§ 2254 petition challenging his 2009 New York conviction for burglary and sexual

abuse. His three prior § 2254 petitions challenging that judgment were dismissed as incomprehensible. We hold that those dismissals were "on the merits," thus triggering, for purposes of the § 2254 petition he now seeks to file, the requirements applicable to successive § 2254 petitions. Additionally, because Garcia's proposed petition does not satisfy the successive-petition standards, we DENY his motion for leave to file it.

———————————————

JESUS H. GARCIA, pro se, Malone, New York, *for Petitioner,*

LISA ELLEN FLEISCHMANN, Assistant Attorney General, New York State Office of the Attorney General, New York, New York, *for Respondent.*

———————————————

PER CURIAM:

Jesus H. Garcia, pro se, moves for leave to file a successive 28 U.S.C. § 2254 petition challenging his 2009 New York conviction for burglary and sexual abuse. He has previously filed multiple § 2254 petitions challenging that conviction, each of which was dismissed as incomprehensible. The preliminary question is whether such dismissals are "on the merits," thus making his proposed § 2254 petition "successive."

2

We hold that an order denying a § 2254 petition as incomprehensible is "on the merits" for the purposes of the successive-petition requirements if the petitioner was on notice that the district court considered the § 2254 petition to be incomprehensible, and had an opportunity to cure the defect. For the reasons stated in this opinion, we DENY Garcia's motion for leave to file.

## BACKGROUND

In 2013, Garcia filed a § 2254 petition challenging his 2009 New York conviction for burglary and sexual abuse. Although legible, the petition was incomprehensible in the critical respect that it was impossible to discern Garcia's claims. The district court ordered Garcia to amend, explaining that the petition as originally filed was "indecipherable" and therefore failed to state a claim. After Garcia failed to amend, the district court dismissed the petition as incomprehensible, and this Court denied a certificate of appealability.

Before expiration of the time to seek Supreme Court review of this Court's order, Garcia filed two additional § 2254 petitions in district court. Since adjudication of Garcia's first § 2254 petition was not yet final, those petitions were not successive within the meaning of § 2244(b). *See Hom Sui Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) (noting that a new § 2255 petition is not

3

successive until adjudication of a prior § 2255 petition is "final"); *Whab v. United States*, 408 F.3d 116, 120 (2d Cir. 2005) (adjudication is "final" when opportunity to seek Supreme Court review has expired). The district court dismissed both petitions as incomprehensible. Garcia appealed one of those two dismissals, and this Court dismissed that appeal for failure to move for a certificate of appealability. Garcia did not appeal the other dismissal.

In 2016, Garcia filed the present motion for leave to file a successive § 2254 petition. Although it appears Garcia is again attempting to challenge his 2009 burglary and sexual abuse conviction, his specific arguments cannot be discerned.

## DISCUSSION

Under § 2244, a district court may consider a successive § 2254 petition only if the petitioner first obtains an order from this Court authorizing the filing of that petition. *See* 28 U.S.C. § 2244(b)(3). However, before determining whether to grant leave to file a successive § 2254 petition, this Court must consider whether the proposed petition would indeed be successive. *See Vu v. United States*, 648 F.3d 111, 113 (2d Cir. 2011). Generally speaking, a § 2254 petition is successive if a prior petition challenged the same state-court judgment

4

and was "decided on the merits." *Id.* (discussing successive criteria in context of a proposed § 2255 motion).

We have never decided whether an order dismissing a § 2254 petition as incomprehensible is "on the merits" for purposes of the successive requirements. However, in the ordinary civil context, an incomprehensible complaint fails to state a claim, *see Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972), and a dismissal for failure to state a claim operates as "a final judgment on the merits and thus has res judicata effects," *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). It should follow that an order dismissing a § 2254 petition as incomprehensible, once the matter is fully adjudicated, should likewise operate as a "final judgment on the merits," and should therefore trigger the rules governing successive § 2254 petitions.

At the same time, however, we have also held that a district court should not dismiss a pro se complaint "without granting leave to amend at least once," unless amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). "Our reluctance to dismiss these complaints at such an early stage of the proceedings stems in part from the limited legal knowledge and resources available to *pro se* plaintiffs, which may hamper their ability to articulate

5

potentially valid claims in legally cognizable language." *McEachin v. McGuinnis*, 357 F.3d 197, 201 (2d Cir. 2004). These concerns are heightened in the § 2254 context, because prisoners ordinarily lack legal knowledge and resources. Moreover, the issue at stake—the legality of a prisoner's confinement—is of fundamental importance.

Accordingly, we hold that an order denying a § 2254 petition as incomprehensible is "on the merits" for the purposes of the successive requirements if the petitioner was on notice that the district court considered the § 2254 petition to be incomprehensible, and had a reasonable opportunity to cure that defect.

Those requirements were satisfied here. In Garcia's first § 2254 proceeding, the district court granted leave to amend the "indecipherable" § 2254 petition. The court thereby alerted Garcia to the deficiency and afforded him the opportunity to cure it. In addition, Garcia filed his second and third § 2254 petitions, also indecipherable, after his first petition had already been rejected for that very defect. Under these circumstances, each of the three orders dismissing Garcia's petitions as incomprehensible was "on the merits," and triggered the

6

requirements applicable to successive § 2254 petitions for purposes of the new petition he now seeks to file.

Having concluded that the present petition is successive, we must consider whether it satisfies the requirements of § 2244(b), that is, whether it relies on a new and retroactive constitutional rule, or whether it relies on a sufficient showing of facts previously unavailable.[1] Since Garcia's motion for leave to file a successive § 2254 petition is as incomprehensible as the others, he has not made a "prima facie showing" that his application satisfies the § 2244(b)(2) requirements. *See* 28 U.S.C. § 2244(b)(3)(C). Accordingly, it is hereby ORDERED that Garcia's motion for leave to file a successive § 2254 petition is DENIED.

---

[1] This Court must deny leave to file a successive § 2254 petition containing a new claim, unless:

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).