20-1659-cv
Mir v. Kirchmeyer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-one.

PRESENT:
> **DENNIS JACOBS,**
> **SUSAN L. CARNEY,**
> **RICHARD J. SULLIVAN,**
> *Circuit Judges.*

_____

**Jehan Zeb Mir,**

> *Plaintiff-Appellant,*

> v.                                                                                       **20-1659**

**Kimberly Kirchmeyer, In Personal and Official Capacity as Executive Director Medical Board of California, Sharon L. Levine, In Personal & Official Capacity as Past President, Medical Board of California, Susan Friedman, In Individual, Personal and Official Capacity, Michelle Anne Bholat M.D. In Individual, Personal; Official Capacity, Katherine Feinstein, In Personal and Official Capacity, Brenda Sutton-Wills, In Individual, Personal; Official Capacity, Jamie Wright, In Individual, Personal and Official Capacity, Asif Mahmood, in Individual, Personal and Official Capacity, David Warmoth, In Personal, Individual and Official Capacity, Eserrick T J Watkins, In Individual,**

**Personal and Official Capacity, Cesar A. Aristeiguita, In Individual, Personal, Official Capacity, Gerrie Schipske, In Individual, Personal and Official Capacity, Estate of Barbara Yaroslavsky, ("deceased") In Individual; Personal and Official Capacity, Steve Alexander, In Individual; Personal and Official Capacity, Stephen Richard Corday, In Individual; Personal and Official Capacity, Shelton Duruisseau, In Individual; Personal and Official Capacity, Mary Lynn Moran, In Individual; Personal and Official Capacity, Gary Gitnick, In Individual; Personal and Official Capacity, Estate of Janet Salomonson, M.D., ("deceased") In Individual; Personal and Official Capacity, Frank Vram Zerunyan, In Individual; Personal and Official Capacity, Hedy L. Chang, In Individual; Personal and Official Capacity, Reginald Low, In Individual; Personal and Official Capacity, Mary Agnes Veronica Matys-Zewski, an individual, Joshua A. Bardin, In Individual, Personal, Capacity, Kenneth B. Deck, In Individual and Personal Capacity, Pomona Valley Hospital, A California Corporation, Vinod Kumar Garg, In Individual, Personal Capacity, Lew Disney, an individual Personal Capacity, Harold Damuth, Jr., MD - In individual, Personal Capacity, San Antonio Community Hospital, A California Corp., Donald M Alpiner, In Individual, Personal Capacity, Nabil Koudsi, An individual Personal Capacity, Michelle Anne Bholat, M.D., In Individual, Personal; Official Capacity,**

*Defendants-Appellees*,

**George Autz, In Personal and Official Capacity, member N.Y. Medical Board, Martha Grayson, In Personal and individual Capacity, Roseanne C. Berger, In Personal and Official Capacity, Lawrence J. Epstein, In Personal and Official Capacity, Marian Goldstein, In Personal and Official Capacity, Martghmarthakristin Harkin, In Personal and Official Capacity, Sumathi Kasinthan, In Personal and Official Capacity, Robert G. Lerner, In Personal and Official Capacity, Kathleen S. Lill, In Personal and**

**Official Capacity, Joann Marino, Public Member - In Personal and Official Capacity, Gladys Lynn Mark, In Personal and Official Capacity, Louis J. Papa, In Personal and Official Capacity, Maria Plummer, In Personal and Official Capacity, Swaminathan Rajan, In Personal and Official Capacity, Ramanthan Raju, In Personal and Individual Capacity, Sumir Sahgal, In Personal and Official Capacity, Arash Salemi, In Personal and Official Capacity, Nancy Sapio, In Personal and Individual Capacity, Alexander Schwartzman, In Personal and Official Capacity, Neeta Minal Shah, In Personal and Individual Capacity, Rahul Sharma, In Personal and Individual Capacity, Mushtaq A. Sheikh, Amit M. Shelat, In Personal and Official Capacity, Greg Shutts, In Personal and Official Capacity, Robert R. Walther, In Personal and Official Capacity, Nirav R. Shah, Past Commissioner Department of Health, In Individual, Personal & Official Capacity, Linda Skidmore Daines, In individual and Personal Capacity, Robert Bogan, In individual, Personal and Official Capacity, Peter D Van Buren, In individual, Personal and Official Capacity, Kendrick A. Sears, In individual, Personal and Official Capacity, Lyon Greenberg, In individual and Personal Capacity, Ralph Liebling, In individual and Personal Capacity, Deborah Whitfield, an individual and Personal Capacity, Howard Zucker, Current Commissioner N.Y. Department of Health - In Individual and Official Capacity, Elizabeth Beson-Guthrie, In Personal and Individual Capacity, Jerry D. Wu, an individual, Ronald H Lewis, In Individual, Personal and Official Capacity, Linda K. Whitney, In Personal Capacity and Official Capacity as Past Executive Director, Medical Board of California, Randy W. Hawkins, In Personal and Official Capacity, Denise Pines, In Personal and Official Capacity, Eric Esrailian, In Individual; Personal and Official Capacity, Dev Gnana Dev, In Individual, Personal and Official Capacity, Ronald Wender, In Individual; Personal and Official Capacity, Felix C Yip, In Individual, Personal and Official Capacity, Howard R Krause, In Official;**

**Individual, Personal and Official Capacity, Kristine D Lawson, In Individual, Personal and Official Capacity, Rose Laurie Lubiano, In Individual, Personal and Official Capacity,**

*Defendants.*

FOR PLAINTIFF-APPELLANT:                    Jehan Zeb Mir, pro se, Redondo Beach, CA.

FOR DEFENDANTS-APPELLEES:         No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jehan Zeb Mir is a physician formerly licensed to practice medicine in the states of California and New York. The state of California revoked his medical license based on his gross negligence, and New York then did the same. This is Mir's third lawsuit in this Circuit stemming from those revocations. The first two were dismissed, and their dismissals were affirmed on appeal. *Mir v. Bogan*, No. 13-cv-9172, 2015 WL 1408891 (S.D.N.Y. Mar. 26, 2015), *aff'd*, 668 F. App'x 368 (2d Cir. 2016) (summary order) ("*Mir II*"); *Mir v. Shah*, No. 11-cv-5211, 2012 WL 3229308 (S.D.N.Y. Aug. 8, 2012), *aff'd*, 569 F. App'x 48 (2d Cir. 2014) (summary order) ("*Mir I*"). In this iteration, Mir asserts claims under 42 U.S.C. § 1983, 18 U.S.C. § 1851, and state law, alleging that dozens of officials in California (the "California defendants") and New York (the "New York defendants"), along with several of his former employers and colleagues (the "Hospital defendants"), conspired to deprive him of his right to practice medicine and unlawfully discriminated against him.

4

In the current iteration of the suit, Mir asserts that in 2018—after the decision in *Mir II*—he discovered that Dr. Linda K. Whitney and Dr. Kimberly Kirchmeyer (former directors of the California Medical Board), Dr. Sharon Levine (a former president of the California Medical Board), and Dr. Joshua Bardin (whom Mir had previously identified as the sole accuser of the charge of misdiagnosis) each made statements casting doubt on the basis for the California Medical Board's revocation. The district court sua sponte dismissed Mir's amended complaint for failure to state a claim, finding that it was frivolous and barred by issue preclusion and claim preclusion. Mir appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, and refer to them only as needed to explain our decision.

As an initial matter, Mir does not address the district court's decisions declining to exercise supplemental jurisdiction over his state law claims and warning him against filing new lawsuits relating to the same subject matter. He has therefore abandoned any appellate challenges to these rulings. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

Next: district courts have the inherent power to dismiss a complaint sua sponte as frivolous, even when, as here, the plaintiff has paid the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam). We have not determined whether a district court's sua sponte dismissal of a complaint as frivolous is properly reviewed de novo or for abuse of discretion, but we need not decide which standard applies where, as here, the district court's determination "passes muster under the more rigorous *de novo* review." *Id.* at 364 n.2. We review de novo a district court's rulings regarding issue and claim preclusion. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005).

## I.  Claims Against New York Defendants

The district court held that collateral estoppel barred Mir's claims against the New York defendants because the court in *Mir II* previously determined, and this Court affirmed, that they were entitled to absolute immunity. "Issue preclusion, also referred to as collateral estoppel, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to a prior judgment." *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (internal quotation marks and alterations omitted). Issue preclusion bars successive litigation when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party raising the issue had a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* (internal quotation marks and alterations omitted). Here, the district court held that issue preclusion barred Mir's present suit against the New York defendants, reasoning that the suit turns on the same fully-and-fairly-litigated, dispositive issue as was decided in *Mir II*: whether the New York defendants were immune from suit arising from their involvement in Mir's New York medical license revocation.

Mir first argues, in effect, that the *Mir II* court's determination was not "on the merits" because that court did not rule on the substance of his claims but dismissed them on immunity grounds. He is mistaken. *Mir II*'s dismissal was a full and fair adjudication on the merits of an issue—an immunity defense—that was essential to its judgment. *See New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001) ("Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim."); *see also Conway v. Vill. of Mt. Kisco*, 750 F.2d 205, 213 (2d Cir.

6

1984) (state court's previous grant of summary judgment to a police detective "on the dubious ground that" he was entitled to "quasi-judicial immunity" precluded the plaintiff from bringing a new claim implicating the same immunity).

Mir's argument that his post-*Mir II* discovery of the August 2016 depositions rendered issue preclusion improper fails for similar reasons. Specifically, this allegedly new evidence had no bearing on whether the New York defendants were immune from suit; it therefore did not bar application of collateral estoppel. *See, e.g.*, *Curry v. City of Syracuse*, 316 F.3d 324, 332 n.5 (2d Cir. 2003) (new evidence that officers lied during parole revocation hearing regarding type of force used against plaintiff did not prevent application of collateral estoppel to the issue of whether plaintiff struck one of the officers first); *Wilder v. Thomas*, 854 F.2d 605, 620 (2d Cir. 1988) (new evidence did not disturb application of issue preclusion under New York law because, among other reasons, "[t]here [was] no new evidence germane to the issue").

Mir further contends that he was deprived of a full and fair opportunity to litigate his claims against the New York defendants, making the district court's application of collateral estoppel erroneous. But the *Mir II* court extensively analyzed his claims, and we fully affirmed that analysis. *Mir v. Bogan*, 668 F. App'x at 368–69. Mir thus had a full and fair opportunity to litigate his claims.

Mir is correct, however, that collateral estoppel does not preclude his current claims for injunctive relief against the New York defendants because the court in *Mir II* decided only that the New York defendants were immune from suits for damages. As the district court noted, collateral estoppel generally bars parties from relitigating the same issue regardless of whether they seek different relief in the successive litigation. *See Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 234 (1998) ("We see no reason why the preclusive effects of an adjudication on parties and

7

those 'in privity' with them, *i.e.*, claim preclusion and issue preclusion (res judicata and collateral estoppel), should differ depending solely upon the type of relief sought in a civil action."). The court erred, however, in applying this general rule to the issue of absolute immunity, which bars claims for damages but does not preclude claims for prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 541 (1984). Thus, whether a claim for damages is barred by judicial immunity and whether a claim for injunctive relief is barred for the same reason are not "identical issue[s]" to which issue preclusion may apply, even if the claims arise from the same alleged conduct. *Cayuga Nation*, 6 F.4th at 374.

Nevertheless, we may affirm on any ground supported by the record and are not limited to the district court's reasoning. *Munoz-Gonzalez v. D.L.C. Limousine Serv., Inc.*, 904 F.3d 208, 212 (2d Cir. 2018). Here, as to the New York defendants whom Mir sued in the previous litigation, the district court's dismissal of Mir's claims is properly affirmed on the basis of claim preclusion, or res judicata. The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021) (internal quotation marks omitted). It bars successive litigation if "an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Id.*

In *Mir II*, Mir sued several of the same New York defendants,[1] "seeking money damages for claims arising out of the revocation of his license to practice medicine in New York." 2015 WL 1408891, at *1. The *Mir II* court granted a motion to dismiss the claims against the New York

---

[1] Those defendants include Nirav R. Shah, Linda Skidmore Daines, Robert Bogan, Peter D Van Buren, Kendrick A. Sears, Lyon Greenberg, Ralph Liebling, and Deborah Whitfield.

defendants on the ground that absolute immunity barred those claims. *Id.* at \*10–13, 18. This is a ruling on the merits for purposes of res judicata. *See New Hampshire*, 532 U.S. at 748–49. Here, Mir again brings claims against the New York defendants arising out of the revocation of his medical license in New York. While Mir sought only money damages in *Mir II*, res judicata applies here because his otherwise identical claim for injunctive relief "could have been raised in that action." *Cho*, 991 F.3d at 168.[2]

The remaining New York defendants—those who were not named in the previous action— are members of a state medical board other than the one that revoked Mir's medical license.[3] The board with the power to conduct professional misconduct and disciplinary proceedings for New York physicians is the Office of Professional Medical Conduct, part of the New York Department of Health. *See* N.Y. Pub. Health Law § 230. The additional members whom Mir names in this suit serve or served on the State Board for Medicine, which is part of the New York Education Department and does not have disciplinary authority with respect to physicians.[4] *See* N.Y. Educ.

---

[2] The claims against New York Department of Health Commissioner Howard Zucker are likewise precluded. Mir seeks the same relief against Zucker, whom Mir alleges "has the authority to reinstate [Mir's] unrestricted [New York] medical license and to expunge the record of discipline." App. 163. Although he was not a defendant in *Mir II*, Zucker stands in privity with the members of the board who were named as defendants in *Mir II*, and "the interests involved in the prior litigation are virtually identical to those in later litigation." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995); *see also Cho*, 991 F.3d at 169 ("Privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." (internal quotation marks omitted)). To the extent that Mir is suing Zucker in his personal capacity, Mir's amended complaint does not make any factual allegations against him personally and therefore fails to state a claim.

[3] Those defendants include George Autz, Roseanne C. Berger, Lawrence J. Epstein, Marian Goldstein, Martha Grayson, Elizabeth Beson-Guthrie, Kristin Harkin, Sumathi Kasinthan, Robert G. Lerner, Kathleen S. Lill, Joann Marino, Gladys Lynn Mark, Louis J. Papa, Maria Plummer, Swaminathan Rajan, Ramanthan Raju, Sumir Sahgal, Arash Salemi, Nancy Sapio, Alexander Schwartzman, Neeta Minal Shah, Rahul Sharma, Mushtaq A. Sheikh, Amit M. Shelat, Greg Shutts, and Robert R. Walther.

[4] The relevant defendants are listed as board members on the Education Department's website. *See Office of the Professions: Statutory Composition & Current Membership*, NYSED, http://www.op.nysed.gov/boards/bdcomp#med (last visited Sept. 20, 2021). That website also makes clear that "the New York State Education Department's Office of the Professions (OP) investigates and prosecutes professional misconduct in all professions *except medicine*." Office of the Professions: *New York's Professional Misconduct Enforcement System*, NYSED,

Law §§ 6520–6529. Mir has therefore failed to state a claim on which relief may be granted against those defendants.

Accordingly, we affirm the district court's dismissal of Mir's claims against the New York defendants on the grounds of res judicata and failure to state a claim.

## II.    Claims Against the California Defendants and Hospital Defendants

The district court held that res judicata barred Mir's claims against the California defendants because Mir's claims against those defendants arose from the same medical license revocation at issue in *Mir II* and he either raised or could have raised those claims in that proceeding.

In *Mir II*, Mir sued several of the same California defendants. The claims he asserted there arose from those defendants' "alleged involvement in the revocation of his medical license in New York." *Mir II*, 2015 WL 1408891, at *7. The court dismissed Mir's claims against the California defendants for failure to state a claim on the ground that Mir "pled no facts suggesting that the California Defendants played a role in the New York license revocation proceeding against him." *Id.* at *18. We affirmed. *Mir v. Brogan*, 668 F. App'x at 368–69. In the present case—as in *Mir II*—Mir sues the California defendants "for reporting false bases to revoke to N.Y. resulting in revocation of [his] N.Y. medical license." App. 170. Since the new lawsuit effectively asserts the same cause of action against the same parties, the court correctly held that res judicata barred most of Mir's claims: in general, "a dismissal for failure to state a claim operates as a final judgment on

---

http://www.op.nysed.gov/opd (last visited Sept. 20, 2021) (emphasis added). We take judicial notice of this information on the Education Department's website, observing that it is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

the merits and thus has res judicata effects." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (internal quotation marks omitted).

Mir argues that the district court misapplied the res judicata doctrine to bar new allegations arising from the 2016 depositions given in another matter by Drs. Whitney, Levine, Kirchmeyer, and Bardin. Generally, res judicata "applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." *Cho*, 991 F.3d at 168 (internal quotation marks omitted). Here, the district court held that res judicata barred Mir's claims against these four California defendants because his complaint "does not allege that the California officials fraudulently concealed the new information or that he could not have discovered it with due diligence." App. 327. Mir further alleged, however, that Drs. Whitney, Levine, Kirchmeyer, and Bardin gave their depositions *after* the district court rendered its judgment in *Mir II*. Thus, Mir could not have discovered the deposition evidence he now points to before the court issued its judgment in *Mir II*. The district court's application of res judicata to his allegations against these four defendants was error.

Nevertheless, again, "[w]e may affirm on any ground the record supports, and are not limited to the reasons expressed by the district court." *Munoz-Gonzalez*, 904 F.3d at 212 (internal quotation marks omitted). Although Mir insists that the 2016 depositions offer support for his previously asserted claims, he again pleads "no facts suggesting that the California Defendants played a role in the New York license revocation proceeding against him." *Mir II*, 2015 WL 1408891, at *18. Thus, the district court properly dismissed Mir's claims against the relevant California defendants.

As to the remaining defendants—who were not named in previous suits, were never members of the California Medical Board, and were not in privity with anyone on the Board—

11

dismissal is likewise appropriate because Mir has failed to state a claim on which relief may be granted. Mir pleads federal claims under 18 U.S.C. § 1851 and 42 U.S.C. § 1983. Section 1851 is wholly irrelevant to this case, as it criminalizes coal mining in "lands of, or reserved to[,] the United States," so that claim is properly dismissed. Section 1983 provides for damages suits against state actors who violate a plaintiff's constitutional rights. The Hospital defendants are private parties who are not liable under section 1983. The only state actor Mir identifies, May Agnes Matyszewski, is alleged to be a "prosecutor" for the California Medical Board. App. 222. State officials who are responsible for deciding to initiate or continue an agency adjudication proceeding are entitled to absolute immunity against damages claims for their roles in that decision, *Butz v. Economou*, 438 U.S. 478, 516 (1978), and Mir seeks only damages against Matyszewski for her alleged actions in relation to the disciplinary proceedings involving Mir. Accordingly, Matyszewski is immune from suit under section 1983 for any actions she took in relation to Mir's California Medical Board proceedings.

Finally, with respect to Mir's claims against the California Medical Board for injunctive relief, which arise out of the revocation of his California medical license and seek the reinstatement of that license, those claims are barred by res judicata. The same claims raised below were resolved in the California Medical Board's favor in the Southern District of California. *See Mir v. Med. Bd. of Cal.*, No. 12-cv-2340, 2013 WL 1932935 (S.D. Cal. May 8, 2013) (dismissing Mir's complaint on the merits); *Mir v. Kirchmeyer*, No. 12-cv-2340, 2017 WL 4271892 (S.D. Cal. Sept. 26, 2017) (granting summary judgment to the defendants), *aff'd sub nom. Mir v. Levine*, 745 F. App'x 726 (9th Cir. 2018). Thus, Mir is precluded from relitigating those claims or claims that could have been raised in that prior action. *See Cho*, 991 F.3d at 168.

* * * * *

12

We have considered Mir's remaining arguments and find in them no basis for reversal.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court