# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2442
_____

Shafik Wassef, M.D.

*Plaintiff - Appellant*

v.

Dennis Tibben, in his Official Capacity; Brenna Bird, in her Official Capacity[1]

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: January 11, 2023
Filed: May 22, 2023

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

In this § 1983 lawsuit, Dr. Shafik Wassef seeks declaratory and injunctive relief to stop ongoing physician disciplinary proceedings in which the Iowa Board of

_____

[1]We substitute Executive Director Dennis Tibben of the Iowa Board of Medicine for Jill Stuecker, the former Interim Executive Director, and Iowa Attorney General Brenna Bird for Thomas J. Miller, the former Attorney General. See Fed. R. App. P. 43(b).

Medicine ("the Board"), represented by the Attorney General of Iowa, charges Wassef with violating Iowa law by inappropriately accessing patient records during his residency at the University of Iowa Hospitals and Clinics ("UIHC"). The Board is responsible for regulating the practice of medicine in Iowa and is authorized to discipline doctors who do not meet minimum practice standards established by the Board and by the Iowa Legislature. See Iowa Code §§ 147.2, 147.13(1), 147.36, 148.7, 272C.4-.6; Iowa Admin. Code r. 653-23.1 et seq. and 653.24 et seq.

Wassef alleges the ongoing proceedings violate federal law -- the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), which regulates disclosure of identifiable health information, and his right to procedural due process. The district court[2] dismissed the action, concluding that it must abstain pursuant to Younger v. Harris, 401 U.S. 37 (1971). The court also dismissed the due process claim because Wassef failed to exhaust state remedies and failed to plausibly allege a claim. We conclude the district court properly abstained under Younger. However, as the state disciplinary proceedings are ongoing, the court should have declined to reach the merits of the due process claim, which Wassef can litigate in the state proceedings. Accordingly, we modify the dismissal to be without prejudice, which is usually the proper disposition when a court abstains under Younger. See Bloodman v. Wood, 510 F. App'x 490, 491 (8th Cir. 2013).

## I. Background

The following facts are taken from the allegations in Wassef's Amended Complaint, which we assume to be true. From July 2014 to June 2018, Dr. Wassef trained as a resident physician in radiology at UIHC. In October 2018, the Board

[2]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

notified Wassef "it was investigating a complaint [from UIHC] regarding his alleged unauthorized access to medical records while he was a resident physician" at UIHC. In February 2021, the Board filed a "Statement of Charges" accusing Wassef of violating Iowa Code § 148.6(2)(i) and Iowa Administrative Code rule 653-23.1(10).

The Statement of Charges initiated a formal contested case proceeding under the Iowa Administrative Code. The Attorney General's Office assumed responsibility to prosecute the Board's case against Wassef. Iowa law provides opportunities to pursue discovery, to have an evidentiary hearing before a neutral Administrative Law Judge, and to seek judicial review of the Board's final disciplinary decision in state court. See Iowa Code § 17A.12; Iowa Admin. Code r. 653-25.1 et seq. Wassef denied the charges and asserted due process violations.

On January 31, 2022, after substantial discovery in the state proceeding, Wassef, a resident of Florida, filed this action against the Board's Executive Director and the Attorney General in their official capacities (collectively "Defendants"), alleging the district court has federal question and diversity jurisdiction. On March 25, the Board filed a four-count "Amended Statement of Charges" in the state proceeding, asserting additional disciplinary charges. Wassef then filed an Amended Complaint. Count I seeks a declaratory judgment and injunctive relief, alleging that Defendants "have acted, and are now acting, in violation of federal law with regard to the pending disciplinary charges." Count II alleges that Defendants have "infringed and impaired" Wassef's protected property and liberty interests in violation of his Fourteenth Amendment right to procedural due process.

Defendants moved to dismiss, arguing the court "is required to abstain" under Younger; the Amended Complaint fails to state a claim; the court lacks subject matter jurisdiction; and the claims are barred by Eleventh Amendment immunity. Regarding Younger abstention Defendants argued, citing Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 79-80 (2013):

> The Board's disciplinary action against Dr. Wassef is a civil enforcement action brought by the state in its sovereign capacity to sanction a physician for a wrongful act. It is similar in character to other cases in which the United States Supreme Court has recognized that Younger abstention is appropriate.

Wassef opposed dismissal and moved for a preliminary injunction. He argued Younger abstention does not apply when "state officials . . . are engaged in ongoing violations of federal law." Here, he argued, the Board's discovery responses confirm that the disciplinary proceeding is "based on" alleged violations of HIPAA, which only the United States Department of Health and Human Services ("DHSS") can enforce. Therefore, even if the pending proceeding is a civil enforcement proceeding, "it remains unclear, at best," whether proceedings by a licensing board involving disciplinary charges that are beyond their legal authority "would support Younger abstention." In support, Wassef cited a First Circuit opinion reversing abstention based on Younger because the National Labor Relations Act's complete federal preemption of unfair labor practice disputes made it "'readily apparent' that the [state] Commission is acting beyond its jurisdictional authority by entertaining" the federal plaintiff's complaint. Chaulk Servs., Inc. v. Mass. Comm'n Against Discrim., 70 F.3d 1361, 1370 (1st Cir. 1995).

After briefing and extensive oral argument, the district court held that Younger abstention applies and requires dismissal of Wassef's action. The court concluded that the Board's pending disciplinary proceeding satisfies the three Younger abstention requirements delineated in Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 (1982), and that Wassef failed to show that his HIPAA "federal preemption claim" is an "extraordinary circumstance" making abstention inappropriate. Wassef v. Stuecker, No. 4:22-CV-00020, 2022 WL 2555889, at *6-8 (S.D. Iowa June 7, 2022).

-4-

Wassef appeals, arguing (i) the district court improperly applied Middlesex because "the Supremacy Clause precludes state officials from determining whether violations of HIPAA have occurred," and (ii) the court erred in resolving the procedural due process claim because the court's decision to abstain "deprived it of subject matter jurisdiction" to address the merits.[3]

## II. Younger Abstention Issues

**A. Whether This Case Qualifies for Younger Abstention.** Federal courts have a "virtually unflagging obligation" to decide cases that fall within their jurisdiction. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). The Supreme Court carved out a narrow exception to this well-established principle in Younger v. Harris, holding that concepts of comity and federalism require federal courts to abstain from interfering with pending state court criminal proceedings, except under "special circumstances" such as a bad-faith prosecution or when a criminal statute is "flagrantly and patently" unconstitutional on its face. 401 U.S. 37, 41, 44-45, 53-54 (1971).

In the years following, the Court extended Younger abstention to certain types of civil proceedings, including -- of relevance here -- to civil proceedings "akin to a criminal prosecution." See Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975)

---

[3]Though we agree the action should be dismissed without prejudice based on Younger abstention, we reject this argument. When Younger abstention applies, the district court is required not to *exercise* its jurisdiction. But that does not mean the court *lacks* jurisdiction (assuming there is another basis for federal jurisdiction, an issue Defendants raised but the district court did not resolve). Opinions that describe Younger abstention as "jurisdictional" should be read accordingly. When there are issues that may not be resolved in the pending state proceeding, a stay rather then dismissal may be appropriate. See Yamaha Motor Corp., U.S.A. v. Stroud, 179 F.3d 598, 603-04 (8th Cir. 1999).

(applying <u>Younger</u> abstention to a nuisance suit by state officials against a theater showing obscene movies). In <u>Middlesex County Ethics Committee v. Garden State Bar Association</u>, a case involving state attorney disciplinary proceedings, the Court articulated factors relevant in deciding whether <u>Younger</u> abstention applies to a civil proceeding: is there (1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides the federal plaintiff adequate opportunity to raise federal challenges (these are commonly called the three <u>Middlesex</u> factors), and (4) does not involve an "extraordinary circumstance" counseling against abstention. 457 U.S. 423, 432-35 (1982).

In <u>New Orleans Public Service, Inc. v. Council of the City of New Orleans</u>, ("<u>NOPSI</u>"), the Court declined to apply <u>Younger</u> abstention and cautioned lower courts that <u>Middlesex</u> only extended <u>Younger</u> to two narrowly-defined types of civil actions: "civil enforcement proceedings" and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." 491 U.S. 350, 368 (1989). In <u>Sprint Communications, Inc. v. Jacobs</u>, the Court emphasized that it meant what it said in <u>NOPSI</u> -- <u>Younger</u> abstention only applies to three "exceptional" categories of cases: (1) "ongoing state criminal prosecutions;" (2) "certain civil enforcement proceedings;" and (3) "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." 571 U.S. 69, 78 (2013). The <u>Middlesex</u> factors are "*additional* factors appropriately considered . . . before invoking <u>Younger</u>," to be addressed *only if* the state proceeding falls within one of the three <u>NOPSI</u> categories. <u>Id.</u> at 81 (alteration in original). Applying <u>Sprint</u> and <u>NOPSI</u>, we now determine whether <u>Younger</u> abstention applies using a three-part inquiry:

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where <u>Younger</u> abstention is appropriate? Second, if the underlying proceeding fits within a <u>Younger</u> category, does the state proceeding satisfy what are known as the "<u>Middlesex</u>" factors? And third, even if the underlying state proceeding satisfies the

first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

375 Slane Chapel Rd., LLC v. Stone Cnty., Missouri, 53 F.4th 1122, 1127 (8th Cir. 2022), quoting Minn. Living Assistance, Inc. v. Peterson, 899 F.3d 548, 552 (8th Cir. 2018).

In this case, decided before we filed our opinion in Slane Chapel Road, the district court began its analysis by properly noting that Younger abstention applies "only in the presence of 'particular state civil proceedings that are akin to criminal prosecutions.'" Wassef, 2022 WL 2555889, at *6, quoting Sprint, 571 U.S. at 72. But it did not explicitly rule that the Board's pending proceeding satisfies a NOPSI category, instead basing its Younger analysis entirely on the Middlesex factors. Id. at *6-8. However, as in Slane Chapel Road, we need not remand for the three-step inquiry that Sprint and NOPSI require because we agree with Defendants that the Board's pending enforcement proceeding qualifies for Younger abstention because it "falls squarely into the second [NOPSI] category."[4]

Sprint described this NOPSI category as "akin to a criminal prosecution in important respects." 571 U.S. at 79, 81, quoting Huffman, 420 U.S. at 604. "In deciding this question, the Court in Sprint asked: (1) was the action commenced by

---

[4]Many cases have said that we review district court decisions whether to abstain under Younger for abuse of discretion. But "where Younger applies, there is no discretion to grant injunctive [or declaratory] relief." Plouffe v. Ligon, 606 F.3d 890, 894 (8th Cir. 2010) (Colloton, J., concurring). The Supreme Court has treated the Middlesex factors, the NOPSI categories, and whether extraordinary circumstances counsel against abstention as issues of law. Thus, in Slane Chapel Road, where the district court abstained under Younger without considering the NOPSI categories, we held that the case satisfied no category as a matter of law and reversed. 53 F.4th at 1127-29; accord Mir v. Shah, 569 F. App'x 48, 50-51 (2d Cir. 2014).

the State in its sovereign capacity? (2) Was the proceeding initiated to sanction the federal plaintiff for some wrongful act? (3) Are there other similarities to criminal actions, such as a preliminary investigation culminating in the filing of formal charges?" Slane Chapel Road, 53 F.4th at 1128.

The Court in Sprint noted that the attorney disciplinary proceeding at issue in Middlesex "was indeed 'akin to a criminal proceeding.'" 571 U.S. at 81. That is consistent with many cases that have abstained from enjoining ongoing state professional licensing disciplinary proceedings. See, e.g., Gillette v. N.D. Disciplinary Bd. Counsel, 610 F.3d 1045, 1048-49 (8th Cir. 2010) (attorney discipline); Zahl v. Harper, 282 F.3d 204, 212 (3d Cir. 2002) (medical board proceeding). As in Middlesex, after extensive investigation, the Board brought a formal action against a licensed professional to determine whether he should be disciplined -- including potential license revocation -- for failing to meet Iowa's standards of professional conduct. 457 U.S. at 433-35. We conclude the Board's ongoing physician disciplinary proceeding against Wassef is quasi-criminal in nature and thus qualifies for Younger abstention as a matter of law, as Wassef's Brief to the district court all but conceded. Accord Mir, 569 F. App'x at 50-51 (medical license revocation); see Minn. Living Assistance, 899 F.3d at 552-53 (Minnesota Fair Labor Standards Act civil enforcement action satisfies NOPSI Category 2).

**B. Whether the Middlesex Factors Favor Abstention.** We agree with the district court that the Board's ongoing disciplinary proceeding meets the three Middlesex factors. Wassef does not directly argue otherwise. "Under Middlesex, we ask whether the [ongoing] state proceeding (1) is judicial in nature, (2) implicates important state interests, and (3) provides an adequate opportunity to raise constitutional challenges." Minn. Living Assistance, 899 F.3d at 553. First, the Board's proceeding is a formal contested case proceeding subject to the Iowa Administrative Code and includes the right to appellate review in Iowa state courts. Second, the disciplinary proceeding implicates Iowa's important interest in ensuring

-8-

that physicians provide professional and competent medical care. See, e.g., Barsky v. Bd. of Regents, 347 U.S. 442, 449 (1954) (regulating health professions "is a vital part of a state's police power").

Third, Wassef can assert in the state disciplinary proceeding his argument that no Iowa forum is *legally* competent to adjudicate disciplinary charges "based on HIPAA" because only DHSS can enforce that statute, and state courts can judicially review the assertion of this and other federal defenses. See Sirva Relocation, LLC v. Richie, 794 F.3d 185, 196 (1st Cir. 2015). A constitutional attack on state procedures does not establish the inadequacy of those procedures for Younger abstention purposes. See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 628 (1986).

**C. Whether Extraordinary Circumstances Counsel Against Younger Abstention.** The nub of Wassef's argument against Younger abstention is that Congress has granted DHHS the exclusive authority to enforce HIPAA, and therefore the Supremacy Clause precludes state officials from acting beyond their legal authority by determining whether violations of HIPAA have occurred. In Minnesota Living Assistance, we observed that "a facially conclusive claim of federal preemption" was a possible exception to Younger abstention. 899 F.3d at 554, citing NOPSI, 491 U.S. at 367. However, a brief examination of the relevant HIPAA provisions, and the cases cited by Wassef in support of this argument, reveal that it is far from a valid claim of complete or facially conclusive federal preemption.

HIPAA imposes civil and criminal penalties for unauthorized disclosure of medical information and grants the Secretary of HHS authority to seek those penalties. See 42 U.S.C. §§ 1320d-5, d-6; Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006). The Fifth Circuit in Acara, 470 F.3d at 572, and every other circuit to consider the question, have held that there is no implied private right of action for HIPAA violations because this specific grant of enforcement authority reflects

congressional intent to preclude private enforcement. These cases are the basis for Wassef's argument that Defendants' disciplinary charges are "based on HIPAA," and therefore the ongoing disciplinary proceeding violates federal law because only DHSS can enforce that statute. The argument is without merit.

First, the fact that DHHS's authority to enforce HIPAA precludes *private* enforcement actions in federal court does not mean that Congress intended to preclude state officials from enforcing HIPAA's standards. Indeed, HIPAA expressly authorizes defendant Bird, a state attorney general, to bring a suit in federal court to obtain damages and injunctive relief if she has "reason to believe that an interest of one or more of the residents of that State has been or is threatened or adversely affected by any person who violates a provision of this part." 42 U.S.C. § 1320d-5(d)(1). Of course, Defendants have not sought to "enforce" HIPAA in federal court, but Wassef's assertion they could not do so seems obviously wrong.

Second, Wassef's "preemption" argument is that Defendants may not "enforce" HIPAA standards in a state licensee disciplinary proceeding. Courts have "long presumed that Congress does not cavalierly pre-empt state-law causes of action." Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996). HIPAA includes a *limited* express preemption provision -- "a provision or requirement under this part . . . shall supersede any contrary provision of State law." 42 U.S.C. § 1320d-7(a)(1). But the "Exceptions" set forth in the next subsection explicitly provide that a HIPAA requirement "shall not supersede a contrary provision of State law [that is] subject to section 264(c)(2) of [HIPAA], relat[ing] to the privacy of individually identifiable health information." § 1320d-7(a)(2)(B). Uncodified section 264(c)(2) provides:

> A regulation promulgated under paragraph (1) shall not supercede a contrary provision of State law, if the provision of State law imposes requirements, standards, or implementation specifications that are more stringent than the requirements, standards, or implementation specifications imposed under the [federal] regulation.

110 Stat. 2033-34.

The DHHS regulations promulgated under HIPAA expressly incorporate § 264(c)(2)'s statutory command. See 45 C.F.R. § 160.202 (2002); S.C. Med. Ass'n v. Thompson, 327 F.3d 346, 355 (4th Cir. 2003). The statute and regulation confirm that § 1320d-7(a)(1) is indeed a limited express preemption provision. State law may impose requirements, standards, or implementation specifications relating to the privacy of individually identifiable health information, but state law standards may not be *less* stringent than HIPAA standards.[5] Thus, Wassef's allegation that the pending Board disciplinary charges are "based on HIPAA" may well be true, unless the Board is enforcing state law standards that are *more* stringent than HIPAA standards, as the statute and regulations permit. Nothing in these HIPAA preemption provisions comes close to supporting a "facially conclusive" claim of complete federal preemption. Compare Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-54 (1987) (explaining why ERISA is a complete preemption statute).

Finally, it is significant in weighing whether Younger abstention applies that the Board commenced the pending state disciplinary proceeding as part of its state law responsibility to license medical professionals and regulate the practice of medicine in Iowa. HIPAA has a significant but narrower function. Its standards apply to the electronic transfer of health care information by health plans and by a "health care provider who transmits any health information in electronic form in connection with a [covered] transaction." 42 U.S.C. § 1320d-1(a)(3); see generally OPIS Mgmt. Res., LLC v. Sec'y, Fla. Agency for Health Care Admin., 713 F.3d 1291, 1294-95 (11th Cir. 2013). HIPAA does not license or regulate the licensing of health care providers. Indeed, HIPAA expressly provides that "[n]othing in this part

---

[5]By contrast, in the Medical Device Amendment to the Federal Food, Drug and Cosmetic Act, Congress expressly preempted *any* state law requirement "which is *different from, or in addition to*, any requirement applicable under this chapter." 21 U.S.C. § 360k(a) (emphasis added).

shall limit the ability of a State to require a health plan to report, or to provide access to, information for . . . individual licensure or certification." § 1320d-7(c).

The Board licenses and then assures the professional conduct of Iowa physicians, an important and traditional part of the State's police power. As the district court noted, "Wassef's conduct may violate HIPAA [but] the Board, through the Attorney General, charges Wassef with violations of Iowa law." Wassef, 2022 WL 2555889, at *7. To the extent the Board's charges are based on conduct to which HIPAA's federal standards apply, preemption precludes Defendants from arguing that *less stringent* Iowa standards govern that conduct. But that limitation is true whenever federal health and safety laws and regulations control issues arising in state and local regulatory proceedings. We agree with the district court that the presence of such issue-controlling federal standards does not provide a "facially conclusive" claim of complete federal preemption and therefore is not an "extraordinary circumstance" that counsels against Younger abstention.

### III. Conclusion

For the foregoing reasons, we affirm the dismissal of Wassef's action based on Younger abstention. However, "Younger v. Harris contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." Gibson v. Berryhill, 411 U.S. 564, 577 (1973) (cleaned up). Therefore, the federal action should have been dismissed without prejudice, leaving Wassef free to assert his § 1983 procedural due process claim in the pending disciplinary proceeding (and other issues of federal law that may be relevant, such as proper interpretation of HIPAA standards). See Caldwell v. Camp, 594 F.2d 705, 708 (8th Cir. 1979). We modify the dismissal to be without prejudice, vacate the district court's due process ruling, and grant Wassef's unopposed Motion To Substitute Parties.

_____

-12-